UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENILSON CARLOS DIAS

                      Petitioner,

                **ORDER**

          -against-              04-cv-05391 (ADS)

THOMAS RIDGE, Secretary, Department of Homeland Security, MICHAEL J. GARCIA, Assistant Secretary (designee) United States Immigration and Customs Enforcement, JOHN P. CARBONE, Interim Field Office Director of New York City, Immigration and Customs Enforcement, DEPARTMENT OF HOMELAND SECURITY, UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT,

                      Respondent.
------------------------------------------------------------X

**APPEARANCES:**

**BRETZ & COVEN, LLP**
Attorneys for the Petitioner
305 Broadway
Suite 100
New York, NY 10007-1109
        By:    Jules E. Coven, Esq., Of Counsel

**ROSLYNN R. MAUSKOPF**
**UNITED STATES ATTORNEY**
**EASTERN DISTRICT OF NEW YORK**
Attorney for the Respondent
One Pierrepont Plaza, 14th Floor
Brooklyn, NY 11201
        By:    Dione M. Enea, Assistant U.S. Attorney

**SPATT, District J.**

The instant petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 challenging an order of deportation was filed on December 10, 2004. On May 11, 2005, Congress enacted the Real ID Act of 2005 ("the Act"), Pub. L. No. 109-13, §106, 119 Stat. 231, which among other things, provides:

> [i]f an alien's case, brought under section 2241 of title 28, United States Code, and challenging a final administrative order of removal, deportation, or exclusion, is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case (or the part of the case that challenges the order of removal, deportation or exclusion) to the court of appeals for the circuit in which a petition for review could have been properly filed . . . .

The Act specifically states that these provisions shall take effect on the enactment date and shall apply to cases "in which the final administrative order of removal, deportation, or exclusion was issued before, on, or after the date of the enactment of this Act."

Accordingly, this Court cannot hear the instant action and transfers it to the United States Court of Appeals for the Second Circuit pursuant to § 106 of the Real ID Act of 2005. The Clerk of Court shall transfer this matter to the Second Circuit and close this case.

**SO ORDERED.**

Dated: Central Islip, New York
       May 25, 2005

                                                            */s/ Arthur D. Spatt*
                                                            ARTHUR D. SPATT
                                                        United States District Judge